IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Donald Moss ) | |
| ) | |
| On Behalf of Himself and ) | Case No. 14-cv-6073 |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | |
| ) | |
| NCO Financial Systems, Inc. ) | **Jury Demanded** |
| [Registered Agent: ) | |
| The Corporation Company, Inc., ) | |
| 120 South Central Avenue ) | |
| Clayton, MO 63105] ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**
**Collective and Class Action Claims**

**COMES NOW** the Plaintiff, Donald Moss, on behalf of himself and all others similarly situated, by and through counsel, and hereby sets forth his collective action under § 216(b) of the Fair Labor Standards Act ("FLSA") and for violations of the FLSA, and their class action under Fed. R. Civ. P. 23 for violations of the Missouri Minimum Wage Law, R.S.Mo. §§ 290.500 *et. seq.* ("MMWL"), and states as following:

**JURISDICTION & VENUE**

1. This Court has original federal question jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because these claims are brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant has offices, conducts business and can be found in the Western

District of Missouri, and the causes of action set forth herein have arisen and occurred in substantial part in the Western District of Missouri. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the Western District of Missouri.

3. Venue is proper in the Western District of Missouri under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

4. The claims for violations of the MMWL are based upon the statutory law of the State of Missouri. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for these pendant state claims because they arose out of the same nucleus of operative facts as the FLSA claims. Addressing all such claims in this judicial proceeding will provide judicial economy, fairness and convenience for the parties and will not create unmanageable confusion to a jury. The liability evidence will substantially overlap as to all causes of action, and no single cause of action will improperly predominate.

**PARTIES**

5. Defendant NCO Financial Systems, Inc. ("Defendant") is a Pennsylvania corporation, maintaining its corporate headquarters in Horsham, Pennsylvania. Defendant is engaged in the business of providing "business process outsourcing services" including "accounts receivable management" for other businesses. Upon information and belief, Defendant employs at least hundreds in Missouri and thousands throughout the United States, of telephone-dedicated "virtual agents" who work at remote computer stations, typically in their own homes (hereinafter "remote employees").

6. Defendant is an employer as defined by 29 U.S.C. § 203(d).

7. Plaintiff Donald Moss ("Plaintiff," "Moss" or "Plaintiff Moss") is a former employee of Defendant. From approximately November 21, 2011 to June 2014, Defendant employed Plaintiff as an hourly telephone-dedicated remote employee. Plaintiff Moss performed such telephone-dedicated work from his residence in Clarksdale, DeKalb County, Missouri.

8. During his employment with Defendant, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

9. Plaintiff's consent form to join this action is attached as Exhibit A. As this case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in plaintiffs.

## COLLECTIVE AND CLASS ACTION FACTUAL ALLEGATIONS

10. Plaintiff brings this action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23. Plaintiff and those similarly situated are individuals who were, or are, employed by Defendant in telephone-dedicated remote employees and similar positions and were not paid for the time they spent performing some or all of their daily work activities within three years prior to filing this Complaint.

11. Plaintiff and the similarly situated individuals are similar because their duties consisted primarily of providing services by telephone while working from their designated remote computers. They are also similar because Defendant's compensation practices similarly resulted in them not being paid for daily time worked that occurred before and/or after their scheduled shifts.

12. Defendant knowingly required Plaintiff and the similarly situated individuals to perform unpaid work before and/or after their shifts, and during unpaid breaks. This work included, but was not limited to, time spent booting-up computers, initializing software

3

programs, reviewing and sending work-related emails and other work-related messages, and closing down computer systems.

13. Defendant's actions were knowing and willful and Defendant was aware that Plaintiff and other similarly situated were working time for which they were not being paid. Defendant paid such employees according to the daily time they were logged into the phone system, which was not reflective of all their daily time worked. That is, Defendant required Plaintiffs and other similarly situated employees to perform daily work before their scheduled shifts started, including booting up computers and initializing multiple software programs. In addition, Plaintiff and those similarly situated were not compensated for performing daily work-related computer tasks during unpaid breaks. Also, Plaintiff and other similarly situated were not compensated for daily time required to review and send work-related emails and other work-related messages and shut down computer systems after the end of their scheduled shifts.

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

14. Plaintiff incorporates the forgoing paragraphs by reference.

15. During the statutory period, Plaintiff Moss and similarly situated individuals were employed full time by Defendant performing work as remote agents and similar positions in various states within the United States of America.

16. The FLSA requires employers to pay employees for all overtime hours worked. More specifically, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

17. Defendant's actions, policies and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff and

4

other similarly situated individuals for time spent on work activities as described in this Complaint.

18. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Swartz and the similarly situated individuals have suffered a loss of income and other damages. Plaintiff and the similarly situated individuals are entitled to liquidated damages and are also entitled to attorneys' fees and costs incurred in connection with their claims. Defendant knew, or showed reckless disregard for, the fact that it failed to pay these individuals for overtime hours worked.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Moss, individually and on behalf of those similarly situated, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent To Join forms for this collective action pursuant to U.S.C. § 216(b);

b. Designation of Plaintiff Donald Moss the Representative Plaintiff of the putative members of the FLSA collective action;

c. An award of damages for overtime compensation due to the Plaintiff and the putative members of the collective action, including liquidated damages, to be paid by Defendant;

d. Designating Brady & Associates as class counsel;

e. Costs and expenses of this action incurred herein, including reasonable attorneys fees and expert fees;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II

## VIOLATIONS OF THE MISSOURI MINIMUM WAGE LAW

19. Plaintiff hereby incorporates the allegations set forth above.

20. Plaintiff brings his claims for Defendant's violations of the MMWL as a class action pursuant to Fed. Rule Civ. P. 23 on behalf of himself and as a representative of the following class:

> All current and former hourly telephone-dedicated remote employees and employees in similar positions working in Missouri who were not paid for the time they spent performing some or all of their daily work activities in the past two years and who were subject to Defendant's policies and practices requiring them to log-in to various computer and telephone programs prior to clocking into Defendant's timekeeping system.

21. At all relevant times, Defendant has been an "employer" within the meaning of the MMWL.

22. At all relevant times, Defendant has employed, and continues to employ, hundreds of "employees," within the meaning of the MMWL, including the Plaintiff and all other similarly situated.

23. The Plaintiff, on behalf of himself and all other similarly situated, brings a claim for Defendant's violation of the MMWL.

6

24. The MMWL, R.S.Mo. § 290.505, requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

25. At all relevant times, hourly telephone-dedicated remote employees were typically paid only for the time that their respectively assigned work schedules began and ended, pursuant to Defendant's compensation system. Plaintiff and other hourly telephone-dedicated remote employees of Defendant have spent time for Defendant's benefit on various tasks, including but not limited to, logging into and out of various computer and phone programs before clocking in and out for work without being fully compensated for such time. Pre-shift, Plaintiff and other hourly telephone-dedicated remote employees of Defendant were not compensated for approximately ten to fifteen minutes of daily shift time spent logging into various computer programs before clocking into work. After a lunch break, Defendant failed to compensate Plaintiff and other hourly telephone-dedicated remote employees for approximately two to three minutes of daily shift time spent logging into the phone system. Finally, Defendant again failed to compensate Plaintiff and other hourly telephone-dedicated remote employees for approximately ten minutes of daily shift time spent sending and reviewing work-related emails and other messages and logging out of the computer system. Such policies and practices of Defendant have resulted in Defendant's failure to pay its hourly telephone-dedicated remote employees for all of their time worked and for overtime wages due.

26. Defendant's policies have resulted in a substantial difference between the amount of time for which Defendant's hourly telephone-dedicated remote employees were compensated and the amount of their compensable time as required by law, resulting in Defendant's failure to pay

7

Case 5:14-cv-06073-FJG   Document 1   Filed 06/30/14   Page 7 of 11

telephone-dedicated remote employees for all compensable time, including the failure to pay overtime as required by the MMWL.

27. More generally, the Defendant has failed to compensate Plaintiff and all other similarly situated employees for all hours worked, and therefore, Defendant has violated, and continues to violate, the MMWL.

28. Class certification for claims asserted pursuant to the MMWL is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

    a. The members of the class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at the present time but is believed to be over 300;

    b. There are questions of law and fact arising in this action which are common to Plaintiff and members of the class, including: (i) Whether Defendant's pay policies and practices for its hourly telephone-dedicated remote employees violate their overtime rights under the MMWL; (ii) Whether Defendant has violated the MMWL due to Defendant's failure to include all compensable time in determining the number of hours worked by its hourly telephone-dedicated customer remote employees pursuant to the statutory and regulatory requirements of the MMWL, including the statutory and regulatory requirements of the FLSA incorporated by reference in the MMWL; (iii) Whether Plaintiff and other members of the class have suffered damages as a result of Defendant's violations of the MMWL;

    c. The Plaintiff's claims are typical of the claims of the members of the class. The Plaintiff was paid under the same policy and procedure as all members of

8

the class. The Plaintiff and all members of the class sustained damages in the same way, arising out of the same wrongful conduct engaged in by Defendant; and

    d.     The Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has retained legal counsel who is competent and experienced in class action and complex litigation involving compensation claims. The Plaintiff has no interests which are adverse to or in conflict with other members of the class.

29.     Class certification of this claim is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

    a.     There is minimal interest of members of this class in individually controlling their prosecution of claims and that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with this law;

    b.     There is no known prior litigation being prosecuted against the Defendant by this class of employees for the claims involved;

    c.     It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Missouri and all class members will have similar claims; and

    d.     There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiff and his counsel are not aware of any reason why this case should not proceed as a class action on the claims

against Defendant. Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

30. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented corporate entity such as Defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct over and over again.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

    a.    Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for the claim that Defendant violated the MMWL and naming the Plaintiff, Donald Moss as proper class representative;

    b.    Declaring and determining that Defendant has violated the MMWL by failing to properly pay wages due to the Plaintiff and other members of the class;

c.  Entering judgment in favor of Plaintiff and the class and against Defendant for amounts respectively due Plaintiff and other employees of Defendant similarly situated for unpaid wages;

d.  Awarding Plaintiff and the members of the class the statutory liquidated damages under R.S.Mo. § 290.527 for Defendant's violations of the MMWL;

e.  Designating Brady & Associates as class counsel;

f.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees, as provided in R.S.Mo. § 290.527;

g.  Pre-Judgment and Post-Judgment interest, as provided by law; and

h.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all claims and issues triable by jury.

## Designated Place of Trial

Plaintiff hereby designates St. Joseph, Missouri as the place of trial.

Respectfully submitted,

**BRADY & ASSOCIATES**

By:  */s/ Sara T. Ballew*
Sara T. Ballew - #64867
Mark A. Kistler - #48442
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
(913) 696-0925
(913) 696-0468 *(Facsimile)*
sgold@mbradylaw.com
mkistler@mbradylaw.com
**Attorneys for Plaintiff**